[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 02, 2007
THOMAS K. KAHN
CLERK

No. 06-14858
Non-Argument Calendar

_____

Agency No. A97-669-306

NDI KINGSLEY NDI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 2, 2007)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Ndi Kingsley Ndi, a native and citizen of Cameroon, seeks review of the

Board of Immigration Appeals ("BIA's") decision affirming without opinion the

immigration judge's ("IJ's") order of removable and denial of asylum, withholding of removal, and relief under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16.

Ndi attempted to enter the United States without valid entry documents and was served with a notice to appear charging him with removability under INA § 212(a)(7)(A)(i)(I). Ndi requested relief from removal in the forms of asylum, withholding of removal, and CAT relief. After a hearing, the IJ concluded that Ndi's allegations were not credible and denied relief. The BIA affirmed without opinion. Ndi now petitions this court for review.

When the BIA does not render its own opinion, but instead adopts the IJ's opinion, we review the IJ's decision. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). Legal determinations are reviewed de novo. Id. at 817. Factual determinations are reviewed under the substantial evidence test, and we "must affirm the [] decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Id. at 817-18. "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). We also review credibility determinations under the substantial evidence test. Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir.

2

2005).

On appeal, Ndi argues that the IJ's adverse credibility finding was not supported by cogent reasons, and that the IJ failed to give the testimony at the hearing and his supporting evidence sufficient weight. He contends that the inconsistencies and omissions do not go to the heart of his claim, and thus would not form the basis of an adverse credibility determination.

To establish eligibility for asylum, the petitioner has the burden of proving that he is a "refugee," which is defined as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of . . . membership in a particular social group, or political opinion.

8 U.S.C. §§ 1158(b)(1), 1101(a)(42)(A); see also Forgue, 401 F.3d at 1286. The testimony of an applicant, if found to be credible, is alone sufficient to establish eligibility for asylum. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishment as the applicant repeatedly recounts his story. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006); Dalide v. U.S. Att'y Gen., 387 F.3d 1335, 1343 (11th Cir.

3

2004).  Credible testimony may be sufficient to sustain an applicant's burden of proving eligibility for asylum, but "[t]he weaker an applicant's testimony, however, the greater the need for corroborative evidence."  Yang, 418 F.3d at 1201.  Conversely, "an adverse credibility determination alone may be sufficient to support the denial of an asylum application."  Forgue, 401 F.3d at 1287.  However, "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant," and the IJ must provide "specific, cogent reasons" for her credibility finding.  Forgue, 401 F.3d at 1287.  Nevertheless, when the IJ enumerates an applicant's inconsistencies and is supported by the record, "we will not substitute our judgment for that of the IJ with respect to its credibility findings."  D-Muhumed, 388 F.3d at 819.

This court has not explained whether adverse credibility findings must go to the heart of the claim rather than being based on minor discrepancies, inconsistencies, or admissions.[1]  However, we need not decide this issue here because the inconsistencies were relevant and material to whether Ndi was in fact persecuted.  The IJ found that the record contained "substantial and material evidentiary gaps" which reflected adversely on Ndi's credibility, that Ndi

---

[1]  The REAL ID Act replaces this standard with a totality of the circumstances test, but this new provision does not apply to cases like Ndi's that were filed before May 11, 2005, the day the REAL ID Act was enacted.  REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, §§ 101(a)(3)(B)(iii), (d)(4)(B), (h)(2); 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(B).

4

presented false testimony, and "exaggerated and embellished" his claim and the underlying facts. Among the material inconsistencies cited by the IJ were the conflicting testimony and documentary evidence with regard to when Ndi joined the Southern Cameroon Leadership Council ("SCNC"), whether he had ever been arrested - a question that Ndi answered 3 different ways in the airport interview, asylum application, and during direct testimony- and Ndi never mentioned to the immigration inspector that he was beaten. Also, the IJ was not able to authenticate Ndi's documentary evidence, such as his alleged SCNC card and supporting affidavits, and the IJ indicated more than once that supporting documentary evidence contained indicia of fraud.

Because of all of the inconsistencies noted by the IJ, the IJ did not err in finding that Ndi was not credible. See Dalide, 387 F.3d at 1343. Moreover, the IJ specifically enumerated the inconsistencies and considered all of the evidence, and there was no reliable corroborating documentation available. We have previously found that substantial evidence supports an adverse credibility finding where the asylum seeker adds new facts or incidents of abuse to his story at the hearing. See Forgue, 401 F.3d at 1287.

Ndi also argues that the IJ relied too heavily on statements he made to the immigration officer at the airport and the asylum officer during the credible fear interview. Regardless of the weight to be given such interviews, in this case it is

5

clear that the IJ based her decision on the record as a whole and not just the arrival and credible fear interviews. Because the IJ weighed the whole record, enumerated numerous material inconsistencies and irregularities, and found that the supporting evidence contained indicia of possible fraud, the IJ did not err in making the adverse credibility determination.

For the foregoing reasons, we DENY Ndi's petition for review.